## 7001. NEWELL v. DOUGLAS OIL AND FERTILIZER COMPANY.

BROYLES, J. 1. Suit was brought on two notes, given for commercial fertilizer of brands therein mentioned, and reciting that the maker of the notes acknowledged that at the time of the delivery to him of the fertilizer each sack thereof bore the manufacturer's guaranteed analysis of its contents, and also the inspector's tag, and that in all respects the laws of the State had been complied with, and that the sellers of the fertilizer had neither impliedly nor expressly warranted its effect on the crops of the purchaser, and that he agreed that he would not hold the "said Douglas Oil & Fertilizer Company responsible in any wise for practical results." The amended answer of the defendant alleged a total failure of consideration, and averred that at the time the fertilizer was sold to him he requested the seller's agent to take samples of the same, in the mode pointed out by law, for preservation and analysis,

and that the seller's agent refused to do so. *Held*, that the answer was properly stricken by the court, on demurrer; and thereafter, upon proof as to the giving of the proper notice of the plaintiff's intention to sue for attorney's fees, the court did not err in directing a verdict for the plaintiff for the full amount sued for, including attorney's fees. *Branson* v. *Piedmont Fertilizer Co.*, 16 *Ga. App.* 546 (85 S. E. 767).

2. There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 26, 1916.

Complaint; from city court of Hazlehurst—Judge Grant. August 20, 1915.

*P. L. Smith,* for plaintiff in error. *Levi O'Steen,* contra.